NELSON BUILDING COMPANY, PROSECUTOR, v. GEORGE G. GREENE, BUILDING INSPECTOR, ETC., ET AL., DEFENDANTS.

Submitted January term, 1927—Decided March 7, 1927.

Municipalities — Building Permits — Revocation — Several Days After Permit Had Been Issued and Prosecutor Had Demolished Large Building, Building Inspector Revoked Permit Upon Ground That it Had Been Issued Under a Misapprehension—That He Thought There was to be a Four-Story Instead of a Five-Story Building—Order Revoking Permit Set Aside—Quære, May a Building Permit be Revoked by Inspector Without Notice and Without Hearing?

On *certiorari*.

Before Justices PARKER, BLACK and CAMPBELL.

For the prosecutor, *William E. Burke* and *John Milton.*

For the defendants, *William C. Asper.*

PER CURIAM.

The *certiorari* in this case brings under review the revocation and cancellation of a building permit issued by the inspector of buildings, on March 25th, 1926, for the erection of a five-story brick apartment building on premises known as No. 790 Boulevard East, in the township of Weehawken. After the issuing of the permit, on March 25th, 1926, the prosecutor demolished a large building on the plot of land in question, worth, according to the testimony in the

record, $10,000, after which, on May 13th, 1926, forty-eight days after issuing the permit, the building inspector served a notice of revocation of such permit, in which the reason given for such action on his part was "a misapprehension of the facts presented for my inspection." The record shows that the misapprehension claimed consisted of the fact that he, the inspector, thought the plans submitted to the building inspector called for a four-story building providing for sixteen families, instead of a five-story building providing for thirty families. How he could have been deceived, if he had taken the most cursory view of the plans, is beyond our understanding. He does not say that the prosecutor made any false statement, but he, the inspector, thought a four-story and not a five-story building was called for.

The prosecutor having proceeded in good faith to demolish the building cannot now be made to suffer loss on any such excuse. Then, besides, it is argued with considerable force that the inspector had no power to revoke the permit issued by him arbitrarily and without notice and a hearing. Let this be as it may. We think the order revoking the permit, dated May 13th, 1926, should be set aside, with costs.